|  |  |  |
|---|---|---|
| | AUSA: Lee Janice | Telephone: 313.226.9740 |
| AO 91 (Rev. 08/09) Criminal Complaint | Special Agent: Ryan Holmes, USSS | Telephone: 313.226.1806 |

# UNITED STATES DISTRICT COURT
## for the
## Eastern District of Michigan

United States of America,

    Plaintiff,

v.

DANIEL CLAYTON,

    Defendant(s).

**Case: 2:14-mj-30245**
**Judge: Unassigned,**
**Filed: 05-23-2014 At 09:38 AM**
**RE: SEALED MATTER (EOB)**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about the date(s) of <u>February 4, 2013 to January 13, 2014</u>, in the county of <u>Wayne</u> in the <u>Eastern</u> District of <u>Michigan</u>, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1029 | Using One Or More Counterfeit Access Devices. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Ryan Holmes, Special Agent - U.S.S.S.
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/23/14

_____
*Judge's signature*

City and state: Detroit, Michigan

Hon. Steven Whalen, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

**The following facts are sworn to by Affiant in support of the issuance of this Warrant:**

I, Ryan Holmes, being first duly sworn, hereby depose and say:

1. That Affiant is a Special Agent with the United States Secret Service in Detroit, Michigan, and has a total of 13 years in law enforcement. That Affiant has participated in numerous investigations involving counterfeiting, bank fraud, mail fraud, wire fraud, identity theft, check fraud, and access device fraud.

2. That information contained in this affidavit is based on Affiant's training, experience, and participation in financial crime investigations, as well as from personal observations during the course of this investigation. Information was also provided by law enforcement officers and others who have personal knowledge of the events and circumstances described herein.

3. Because this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that DANIEL CLAYTON, did knowingly, and with intent to defraud, commit Access Device Fraud, in violation of Title 18, United States Code, Section 1029.

## DEFINITIONS

4. Based on my training and experience, and in the context of this investigation, Affiant uses the term "*Re-encoding*" to mean the process of altering the magnetic strip on the back

1

of an access device (i.e. credit, debit, or gift card) to include the stolen bank account information of a genuine account holder without their knowledge or permission.

## DETAILS OF INVESTIGATION

5. Starting in February, 2013, the Southeast Michigan Financial Crimes Task Force began investigating a large group of individuals who were committing access device fraud at area Meijer stores. The suspects were using re-encoded access devices to purchase gift cards. Several members of this fraud group were identified through law enforcement sources.

6. One of the suspects identified was DANIEL CLAYTON (dob 09/20/85) after his arrest for felony fraudulent activities by the Van Buren Twp, MI, Police Department on 05/21/13. CLAYTON was found in possession of a re-encoded credit card during his arrest. Prior to his arrest on this same day, CLAYTON was observed on video surveillance at the Royal Oak, Northville, and Allen Park Meijer Stores using re-encoded access devices to purchase gift cards.

7. After CLAYTON's arrest on 05/21/13, I reviewed numerous incidents of re-encoded access device frauds that occurred at Meijer stores involving this fraud group.

8. The video surveillance and transaction information was provided to me by Meijer loss prevention.

9. During the period of February 4th, 2013, through January 13th, 2014, CLAYTON was observed on Meijer video surveillance using re-encoded access devices on the following dates and locations:

|    | Date     | Store       | Acct Last 4 | Fraud Amount |
|----|----------|-------------|-------------|--------------|
| a. | 02/04/13 | Southgate   | 0754        | $975.36      |
| b. | 05/13/13 | Southfield  | 0141        | $972.50      |
| c. | 05/14/13 | Jackson     | 3469        | $962.48      |
| d. | 05/21/13 | Royal Oak   | 9959        | $962.00      |
|    |          |             | 5813        | $964.55      |
| e. | 05/21/13 | Northville  | 4516        | $961.90      |
| f. | 05/21/13 | Allen Park  | 8666        | $963.89      |
|    |          |             | 8287        | $964.23      |
| g. | 05/30/13 | Battle Creek| 6027        | $965.88      |
|    |          |             | 6923        | $966.98      |
| h. | 07/23/13 | Ypsilanti   | 8522        | $936.36      |
|    |          |             | 6063        | $963.00      |
| i. | 07/23/13 | Southfield  | 4413        | $962.99      |
|    |          |             | 9155        | $963.14      |
| j. | 07/23/13 | Livonia     | 6321        | $962.50      |
| k. | 07/26/13 | Allen Park  | 6580        | $961.79      |
| l. | 07/26/13 | Southfield  | 1327        | $968.35      |
| m. | 07/26/13 | Royal Oak   | 1040        | $963.00      |
|    |          |             | 9877        | $963.00      |
| n. | 07/31/13 | Southfield  | 8154        | $962.99      |
| o. | 08/26/13 | Westland    | 6221        | $962.11      |
| p. | 08/26/13 | Ypsilanti   | 3672        | $909.00      |
|    |          |             | 6707        | $963.00      |
| q. | 08/26/13 | Allen Park  | 9302        | $963.99      |
| r. | 09/23/13 | Livonia     | 3015        | $986.49      |
| s. | 09/23/13 | Southfield  | 9535        | $960.95      |
| t. | 09/23/13 | Southfield  | 9535        | $960.95      |
| u. | 09/23/13 | Southfield  | 9535        | $963.50      |
| v. | 09/23/13 | Ypsilanti   | 4674        | $991.79      |
| w. | 09/24/13 | Northville  | 4409        | $963.50      |
|    |          |             | 6403        | $960.95      |
| x. | 09/24/13 | Royal Oak   | 5419        | $966.49      |
|    |          |             | 5288        | $962.98      |
|    |          |             | 8438        | $962.49      |
| y. | 10/05/13 | Allen Park  | 3757        | $447.26      |
|    |          |             | 1559        | $512.74      |
| z. | 10/07/13 | Northville  | 7662        | $551.89      |
| aa.| 11/10/13 | Westland    | 3470        | $972.71      |
| bb.| 11/10/13 | Canton      | 4765        | $962.11      |

3

| | | | |
|---|---|---|---|
| cc. 01/13/14 | Waterford | 8752 | $964.90 |
| | | 0904 | $960.00 |
| | | 9314 | $960.00 |
| | | 7852 | $960.00 |
| | | 1190 | $960.00 |
| | | 6556 | $960.00 |
| | | 2813 | $960.00 |

10. All the above transactions have been verified as re-encoded access device fraud by the representative banks associated with the accounts.

## CONCLUSION

11. Based on the above-described information, I believe that probable cause exists that DANIEL CLAYTON, did knowingly, and with intent to defraud, commit Access Device Fraud, in violation of Title 18, United States Code, Section 1029.

_____
Ryan Holmes – Special Agent – USS
Affiant

Subscribed to and sworn before me
this 23 day of May, 2014

_____
Honorable Steven W halen
United States Magistrate Judge

4